IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KARIM AKIL, an individual; AMY SCHLOEMANN, an individual, | ) ) ) | 2:12-cv-01225-GEB-KJN |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER[*] |
| CARRINGTON MORTGAGE SERVICES, LLC, a Delaware Corporation; DEUTSCHE BANK NATIONAL TRUST COMPANY, successor in interest to NEW CENTURY MORTGAGE COMPANY; ATLANTIC & PACIFIC FORECLOSURE SERVICES, LLC, a Delaware Corporation; and all persons or entities unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in this Complaint adverse to Plaintiffs' title thereto, and DOES 1 through 25, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

Defendants seek dismissal of Plaintiffs' verified First Amended Complaint ("FAC") under Federal Rule of Civil Procedure ("Rule") 12(b)(6). Plaintiffs oppose the motion.

///

///

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

## I. LEGAL STANDARD

Decision on the Rule 12(b)(6) dismissal motion requires determination of "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim, "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party[; however, this tenet does not apply to] . . . legal conclusions . . . cast in the form of factual allegations." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (citation and internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (citation and internal quotation marks omitted); see also Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

## II. FEDERAL CLAIMS

Plaintiffs' FAC alleges claims under the following federal statutes: Truth in Lending Act ("TILA"), Fair Debt Collection Practices Act ("FDCPA"), and Federal Judgment Act. Further, Plaintiffs argue in their opposition brief that their breach of contract and breach of the implied covenant of good faith and fair dealing claims are federal

claims. Although Plaintiffs base certain of their allegations in these claims on alleged Home Affordable Modification Program ("HAMP") violations, "no federal question [is] presented merely because [some of Plaintiffs'] state law claims may incorporate or turn upon allegations of HAMP violations." Carlos v. Bank of America Home Loans, No. 10-1966, 2011 WL 166343, at *1 (C.D. Cal. Jan. 13, 2011); see also Gretsch v. Vantium Capital, Inc., No. 11-2328, 2011 WL 6754079, at *2 (D. Minn. Dec. 23, 2011) ("[S]tate-law claims alleging violations of HAMP guidelines do not create federal question jurisdiction.") (citations omitted).

    **A.   TILA Claims**

        Defendants argue "Plaintiffs' [TILA] [c]laims fail because the applicable statute of limitations for TILA [c]laims has expired." (Defs.' Mot. 13:11-12.) Specifically, Defendants argue Plaintiffs' TILA claims are time-barred since "Plaintiffs consummated the loan on May 6, 2005, but did not file the Complaint until April 17, 2012, well after the statute of limitations for TILA damages [and] rescission." Id. 14:8-10.

        Plaintiffs rejoin that their TILA claims have "been brought within the one year statutory period for damages and the three year statutory period for rescission." (Pls.' Opp'n 13:14-15.) Specifically, Plaintiffs contend "Plaintiff[s] did not discover the material omissions until Plaintiff[s] began the loan modification process within the last three years [and] Plaintiffs did not discover the fraudulent facts until Plaintiffs reviewed the original loan documents in the past several months in attempting to procure a permanent loan modification." Id. 13:8-11.

A borrower's right to rescind a loan transaction under TILA "expire[s] three years after the date of the consummation of the transaction[.]" 15 U.S.C. § 1635(f). "Unlike TILA's one year period for civil damages claims, the three year period for TILA rescission claims is an 'absolute' statute of repose that cannot be tolled." Falcocchia v. Saxon Mortg., Inc., 709 F. Supp. 2d 860, 867 (E.D. Cal. 2010); see also McOmie-Gray v. Bank of Am. Home Loans, 667 F.3d 1325, 1329 (9th Cir. 2012) ("Because § 1635(f) is a statute of repose, it extinguished [the plaintiff's] right to rescission . . . three years after the consummation of the loan."). Since Plaintiffs consummated the transaction on May 6, 2005, their right to rescind the loan transaction expired on May 6, 2008. (FAC, Ex. A.) Therefore, Plaintiffs' TILA rescission claim is dismissed with prejudice.

An action under TILA for actual or statutory damages must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). "[A]s a general rule[, this] limitations period starts [to run] at the consummation of the transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986). Therefore, since Plaintiffs consummated the transaction on May 6, 2005, the statute of limitations for Plaintiffs' TILA damages claim expired on May 6, 2006. (FAC, Ex. A.)

However, Plaintiffs allege that the statute of limitations period for their TILA damages claim is equitably tolled as follows:

> It was only recently that Plaintiffs were able to reasonably discover Defendant's [sic] unlawful suppression of facts and intentional acts of deception when Plaintiffs reviewed their Loan documents when Plaintiffs were denied for loan modifications and subsequently sought legal action against Defendants, in or about February 2012. It was then that Plaintiffs acquired knowledge of the withheld disclosures and fraudulent documents because, as previously stated, Plaintiffs were not

4

>     provided the Loan Documents prior to signing and
>     was not explained the contents therein.
>
>     . . .
>
>     Prior to entering into the Loan, Defendants failed
>     to provide Plaintiffs with any of the necessary
>     disclosures as Loan documents were not provided to
>     Plaintiffs until weeks after the Loan transaction
>     was entered into, signed, recorded and completed.
>
>     Any and all statute[s] of limitations relating to
>     disclosures and notices required pursuant to 15
>     U.S.C. § 1601, et seq. were tolled due to
>     Defendants' failure to effectively provide the
>     required disclosures and notices to Plaintiffs.

(FAC ¶¶ 102, 138-39.) Plaintiffs' factual allegations are insufficient to justify equitable tolling since Plaintiffs have not alleged facts demonstrating they did not have a "reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA [claim]" within the one-year limitations period. King, 784 F.2d at 915.

Further, Plaintiffs allege in their verified complaint they were provided the withheld disclosures and loan documents within weeks after the May 6, 2005 transaction. (FAC ¶ 138.) Therefore, "nothing prevented [Plaintiffs] from comparing the loan contract, [Defendants'] initial disclosures, and TILA's statutory and regulatory requirements." Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996). Since "any amendment would be futile, there [is] no need to prolong the litigation by permitting further amendment[,]" and Plaintiffs' TILA damages claim is dismissed with prejudice. Lipton v. Pathogenesis Corp., 284 F.3d 1027, 1039 (9th Cir. 2002).

**B.  FDCPA Claim**

Defendants also argue that Plaintiffs' FDCPA claim should be dismissed since "Defendants are not, as a matter of law, considered to be debt collectors within the meaning of the FDCPA." (Defs.' Mot. 22:15-

16.) Plaintiffs rejoin that "Defendants fall squarely within the statutory definition of [§ 1692a(6)]" and that "Defendants do not fit within the exception [under §] 1692a(b)(F)[.]" (Pls.' Opp'n 23:5-8.)

"A necessary element to an FDCPA claim is the allegation that the adverse party fits the definition of a debt collector under § 1692a(6) or that the party is liable under § 1692a(4), which defines the extent to which creditors are subject to the FDCPA." Bever v. Cal-Western Reconveyance Corp., No. 1:11-CV-1584 AWI-SKO, 2012 WL 2522563, at *2 (E.D. Cal. June 28, 2012).

Plaintiffs' debt collection allegations are as follows:

> In illegally attempting to collect on Plaintiff's [sic] debt obligation in the manner described herein, Defendants DEUTSCHE, as the purported assignee, and CARRINGTON, as purported mortgage servicer:
>
> a. Falsely represented the status of the debt, in particular, that it was due and owing to Defendant DEUTSCHE at the time the suit was filed;
>
> b. Falsely represented or implied that the debt was owing to Defendant DEUTSCHE as an innocent purchaser for value, when in fact, such an assignment had not been accomplished; threatened to take action, namely engaging in collection activities that cannot legally be taken by them; and attempted to collect on the promissory note under false pretenses; namely that DEUTSCHE was assigned Plaintiffs [sic] debt when in fact they were not.

(FAC ¶ 232.) These allegations are insufficient to show that any Defendant fits the definition of a debt collector or is liable under § 1692a(4). Therefore, Plaintiffs' FDCPA claim is dismissed.

**C.   Federal Judgment Act Claim**

Plaintiffs also allege as their ninth cause of action what they characterize to be a Federal Judgment Act claim. (FAC ¶¶ 209-218.) However, Plaintiffs' allegations are insufficient to entitle them to

federal declaratory relief on their FDCPA claim. Further, the declaratory relief Plaintiffs seek under state law does not involve a substantial federal question. Therefore, since Plaintiffs have not shown they are entitled to declaratory relief under the FDCPA, the portion of Plaintiffs' claim purporting to seek such relief under the Federal Judgment Act is dismissed. See generally Cont'l Cas. Co. v. Robsac Indus., 947 F.2d 1367, 1374 (9th Cir. 1991) ("Courts should generally decline to assert jurisdiction in . . . declaratory relief actions presenting only issues of state law . . . .").

### III. SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS

Since the claims asserted to confer federal question jurisdiction have been dismissed, the Court decides whether to continue to exercise supplemental jurisdiction over issues involved in Plaintiffs' state claims. "[Supplemental] jurisdiction is a doctrine of discretion, not of [a party's] right." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966). Under 28 U.S.C. § 1367(c)(2), a district court "may decline to exercise supplemental jurisdiction over a [state] claim" if "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction." The "discretion [whether] to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), [and] is informed by the . . . values of economy, convenience, fairness and comity" as delineated by the Supreme Court in Gibbs. Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (internal quotation marks omitted).

When "the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be . . .

left for resolution to state tribunals." Gibbs, 383 U.S. at 727. "Generally, a district court will find substantial predomination where 'it appears that a state claim constitutes the real body of a case, to which the federal claim is only an appendage.'" Contemporary Servs. Corp. v. Hartman, No. 08-02967 AHM, 2008 WL 3049891, at *3 (C.D. Cal. Aug. 4, 2008) (quoting Gibbs, 383 U.S. at 727).

Plaintiffs allege the following state claims: fraud in origination of the loan, breach of contract, breach of the implied covenant of good faith and fair dealing, rescission, Unfair and Deceptive Business Act Practices violation, negligence, quasi contract, accounting, quiet title, violations of California Business and Professions Code section 17200, declaratory relief, and preliminary and permanent injunctions. These claims are based on factual allegations concerning loan origination, attempted acquisition of a loan modification, and the foreclosure process. These claims seek multiple forms of injunctive and declaratory relief, as well as compensatory, punitive, and exemplary damages.

In contrast, any actionable FDCPA claim would be limited to a determination of whether Defendants engaged in communications with Plaintiffs that violated the FDCPA. See 15 U.S.C. §§ 1692b-1692j (setting forth requirements with which debt collectors must comply when attempting to collect a debt, and proscribing certain activities in connection with debt collection). Further, recovery under the FDCPA is limited to actual and/or statutory monetary damages. See 15 U.S.C. § 1692k ("[A]ny debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of . . . any actual damage sustained by such person as a result of such failure; . . . such additional damages as the

court may allow, but not exceeding $1,000[.]"); Carrigan v. Cent. Adjustment Bureau, Inc., 502 F. Supp. 468, 470-71 (N.D. Ga. 1980) (construing the term "actual damage[s]" in the FDCPA to mean "out-of-pocket loss caused by Defendant's violation of the [FDCAP]" and awarding $100 in actual damages to Plaintiff as compensation for the "mental anguish" Defendant's violation of the FDCPA caused him). Therefore, Plaintiffs' FDCPA claim has little factual overlap with their state claims, and the relief Plaintiffs seek in their state claims is distinct from the relief they seek in their FDCPA claim.

Further, judicial economy does not favor continuing to exercise supplemental jurisdiction since none of the state law claims have been addressed on the merits. See Otto v. Heckler, 802 F.2d 337, 338 (9th Cir. 1986) ("[T]he district court, of course, has the discretion to determine whether its investment of judicial energy justifies retention of jurisdiction or if it should more properly dismiss the claims without prejudice."). Nor do the comity and fairness factors weigh in favor of exercising supplemental jurisdiction since "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726.

Since Plaintiffs' state claims substantially predominate over their dismissed FDCPA claim, and comity, fairness, and judicial economy weigh in favor of dismissal, the Court declines to exercise supplemental jurisdiction over Plaintiffs' state claims, and they are dismissed from this action without prejudice under 28 U.S.C. § 1367(c)(2).

### IV. CONCLUSION

For the stated reasons, Defendants' motion to dismiss is granted in part and denied in part. Further, Plaintiffs' state claims

9

are remanded to the Superior Court of the County of Solano.

Plaintiffs are granted ten (10) days from the date on which this order is filed to file a Second Amended Complaint addressing the deficiencies in their FDCPA claim. Further, although Plaintiffs' Federal Judgment Act claim has been dismissed, should Plaintiffs decide that some form of declaratory relief is appropriate in connection with their FDCPA claim, Plaintiffs may file a motion in which they seek leave to amend concerning this issue within ten days from the date on which this order is filed.

Plaintiffs are warned that a dismissal with prejudice could be entered under Federal Rule of Civil Procedure 41(b) if Plaintiffs fail to file an amended complaint within the prescribed time period.

Dated: August 6, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge