IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARIM AKIL, an individual; AMY SCHLOEMANN, an individual,<br><br>        Plaintiffs,<br><br>  v.<br><br>CARRINGTON MORTGAGE SERVICES, LLC, a Delaware Corporation; DEUTSCHE BANK NATIONAL TRUST COMPANY, successor in interest to NEW CENTURY MORTGAGE COMPANY; ATLANTIC & PACIFIC FORECLOSURE SERVICES, LLC, a Delaware Corporation; and all persons or entities unknown claiming any legal or equitable right, title, estate, lien or interest in the property described in this Complaint adverse to Plaintiffs' title thereto, and DOES 1 through 25, inclusive,<br><br>        Defendants. | 2:12-cv-01225-GEB-KJN<br><br>ORDER |

Defendants seek dismissal under Federal Rule of Civil Procedure ("Rule") 12(b)(6) of Plaintiffs' verified Third Amended Complaint ("TAC"), which consists solely of allegations that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"). Plaintiffs oppose the motion.

1

## I. LEGAL STANDARD

Decision on Defendants' Rule 12(b)(6) dismissal motion requires determination of "whether the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief." Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., 637 F.3d 1047, 1054 (9th Cir. 2011) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).

When determining the sufficiency of a claim under Rule 12(b)(6), "[w]e accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the non-moving party." Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal quotation marks omitted). However, this tenet does not apply to "legal conclusions . . . cast in the form of factual allegations." Id. (internal quotation marks omitted). "Therefore, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Id. (internal quotation marks omitted); see also Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'").

## II. FDCPA CLAIM

Defendants argue that Plaintiffs' FDCPA claim should be dismissed since "Defendants are not, as a matter of law, considered to be debt collectors within the meaning of the FDCPA." (Defs.' Mot. to Dismiss TAC ("Defs.' Mot.") 5:8-9, ECF No. 41.) Plaintiffs rejoin that

2

1  "Defendants fall squarely within the statutory definition of 'any person
2  collecting or attempting to collect any debt . . . due another'" and
3  that "Defendants do not fit within the [creditor] exception [under
4  §] 1692a(b)(F)." (Pls.' Opp'n to Defs.' Mot. ("Pls.' Opp'n") 3:13-16,
5  ECF No. 45.) Further, Plaintiffs argue that "Defendants rely on law not
6  fully determined in California" for the proposition that "the FDCPA does
7  not apply to efforts related to mortgage loans." (Id. 3:24–26.)

**A. FDCPA Definitions of "Debt Collector" and "Creditor"**

"A necessary element to an FDCPA claim is the allegation that the adverse party fits the definition of a debt collector under § 1692a(6) or that the party is liable under § 1692a(4), which defines the extent to which creditors are subject to the FDCPA." Bever v. Cal-Western Reconveyance Corp., No. 1:11-CV-1584 AWI-SKO, 2012 WL 2522563, at *2 (E.D. Cal. June 28, 2012). Section 1692a(6) defines the term "debt collector" as

> any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . . The term does not include . . . any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person . . . .

15 U.S.C. § 1692a(6). "[A] 'creditor' is not a 'debt collector' under the FDCPA." Rowe v. Educ. Credit Mgmt. Corp., 559 F.3d 1028 (9th Cir. 2009). "[C]reditors are subject to the FDCPA to the extent that they 'receive[] an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another.'" Bever, 2012 WL 2522563, at *3 (quoting 15 U.S.C. § 1692a(4)).

**B. Whether Any Defendant Is a Debt Collector Under the FDCPA**

Plaintiffs' allegations are the following concerning whether Defendants are debt collectors under the FDCPA:

> 64. In illegally attempting to collect on Plaintiff[s'] debt obligation in the manner described herein, Defendants DEUTSCHE, as the purported assignee, and CARRINGTON, as purported mortgage servicer:
>
> a. Falsely represented the status of the debt, in particular, that it was due and owing to Defendant DEUTSCHE at the time the suit was filed;
>
> b. Falsely represented that DEUTSCHE, who purportedly had purchased the loan already in default, was in fact entitled to collect under the loan;
>
> c. Falsely represented or implied that the debt was owing to Defendant DEUTSCHE as an innocent purchaser for value, when in fact, such an assignment had not been accomplished; threatened to take action, namely engaging in collection activities that cannot legally be taken by them; and attempted to collect on the promissory note under false pretenses; namely that DEUTSCHE was assigned Plaintiffs['] debt when in fact they were not.
>
> 65. DEUTSCHE was a debt collector within the definition of 15 U.S.C. Section 1692a(6). DEUTSCHE held itself out as the owner of the debt. DEUTSCHE specifically states in correspondence to Plaintiffs: "The enclosed documents relate to a debt owed to Deutsche Bank National Trust Company, as Indenture Trustee, for New Century Home Equity Loan Trust 2005-3." . . . Deutsche, as Indenture Trustee, was collecting the debt for another, New Century Home Equity Loan Trust 2005-3. . . .
>
> 66. In addition, the document states in bold face type "WE ARE ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE[."] . . .

(TAC ¶¶ 64-66 (citations omitted), ECF No. 40.)

Plaintiffs fail to allege facts from which a reasonable inference could be drawn that any Defendant is a debt collector since

4

1 the definition of "debt collector" requires either that the party's
2 business "use[] any instrumentality of interstate commerce or the mails
3 in any business the principal purpose of which is the collection of any
4 debts" or that the party "regularly collects or attempts to collect,
5 directly or indirectly, debts owed or due or asserted to be owed or due
6 another," 15 U.S.C. § 1692a(6); however, Plaintiffs have not alleged
7 facts supporting either requirement.

8 Plaintiffs also argue that Defendant Deutsche Bank National
9 Trust Company ("Deutsche") "was assigned the debt after the debt went
10 into default, making it a debt collector as defined in Almutarreb v.
11 Bank of New York Trust Co.," No. C-12-3061 EMC, 2012 WL 4571410 (N.D.
12 Cal. Sept. 24, 2012). (Pls.' Opp'n 4:18-19.) Plaintiffs apparently base
13 this argument on their allegation that Defendant "DEUTSCHE purportedly
14 obtained the debt (the deed of trust) after the debt was in default."
15 (TAC ¶ 67.) The Court "[is] not, however, required to accept as true
16 allegations that contradict exhibits attached to the Complaint."
17 Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010)
18 (citing Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025,
19 1031-32 (9th Cir. 2008)). Here, Plaintiffs attached to their Complaint
20 both a Notice of Default, (TAC, Ex. B), and an Assignment of Deed of
21 Trust ("Assignment"). (Id., Ex. C.) The Assignment is dated October 21,
22 2010, (id., Ex. C), whereas the Notice of Default is dated October 25,
23 2010. (Id., Ex. B.) This evidence belies Plaintiffs' conclusory
24 allegation that Defendant Deutsche "obtained the debt (the deed of
25 trust) after the debt was in default," (TAC ¶ 67); therefore, this
26 allegation is insufficient to plausibly show that Defendant Deutsche is
27 a debt collector under the FDCPA.

28 Further, Plaintiffs allege that Defendant Carrington Mortgage

5

Services, LLC ("Carrington") is a "mortgage servicer." (TAC ¶¶ 55, 60, 64.) However, "[t]he law is well settled that FDCPA's definition of debt collector 'does not include the consumer's creditors [or] a mortgage servicing company.'" Lal v. Am. Home Servicing Co., 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) (quoting Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) (citing S. Rep. No. 95-382, 95th Cong., 1st Sess. 3, U.S. Code Cong. & Admin. News 1977, at 1695)). Therefore, since Plaintiffs allege that Carrington is a mortgage servicer, Plaintiffs have not alleged a plausible claim in support of their contention that Carrington is a debt collector under the FDCPA.

**C. Whether Defendant Deutsche Is a Creditor Liable Under the FDCPA**

Lastly, Plaintiffs allege that Defendant Deutsche is a creditor by using only "'formulaic recitation[s] of the elements of a cause of action,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555), which are insufficient to state a plausible claim that Defendant Deutsche is liable as a creditor under § 1692a(4).

### III. CONCLUSION

For the stated reasons, the TAC is dismissed. Plaintiffs are granted fourteen (14) days from the date on which this order is filed to file a Fourth Amended Complaint addressing the deficiencies in their claim. Plaintiffs are warned that a dismissal with prejudice could be entered under Federal Rule of Civil Procedure 41(b) if Plaintiffs fail to file an amended complaint within the prescribed time period.

Dated: July 16, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge